

# Notice of Service of Process

**LDD / ALL**
**Transmittal Number: 26126419**
**Date Processed: 12/28/2022**

| | |
|---|---|
| Primary Contact: | Walgreens Distribution<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| Entity: | Walgreen Co.<br>Entity ID Number  0501431 |
| Entity Served: | Walgreen Co |
| Title of Action: | Veronica Sue Dean vs. Walgreen Co. |
| Matter Name/ID: | Veronica Sue Dean vs. Walgreen Co. (13401685) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Rappahannock County Circuit Court, VA |
| Case/Reference No: | CL22-232 |
| Jurisdiction Served: | Virginia |
| Date Served on CSC: | 12/28/2022 |
| Answer or Appearance Due: | 21 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Ritchie Law Firm, P.L.C.<br>540-433-6124 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



*- SERVE -*

# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL22000232-00

RAPPAHANNOCK CIRCUIT COURT

P.O. BOX 517 238 GAY STREET,  WASHINGTON, VA 22747

ADDRESS

TO:

WALGREEN CO

REGISTERED AGENT-CORPORATION SERVICE CO

100 SHOCKOE SLIP, FL 2

RICHMOND, VA 23219-4100

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

DECEMBER 27, 2022          MARGARET R. RALPH          Clerk

DATE

by  *Kaitt R. Atchmann*

DEPUTY CLERK

Instructions:

Hearing Official:

FORM CC-1400 MASTER 10/13

VIRGINIA:  IN THE RAPPAHANNOCK COUNTY CIRCUIT COURT

**VERONICA SUE DEAN**

      Plaintiff,

v.

                                        AT LAW NO.:

                                        *Case # CL22-232*

**WALGREEN CO.,**

      Defendant.

## COMPLAINT

The Plaintiff, Veronica Sue Dean, by counsel, moves this Court for judgment against the Defendant, Walgreen Co., and in support thereof states as follows:

## PARTIES

1.     Plaintiff Veronia Sue Dean ("Dean") is a seventy-seven year old female who at the time of the injury resided in Amissville, Virginia.

2.     Walgreen Co., d/b/a Walgreens, ("Walgreens") is a corporation headquartered in Deerfield, Illinois, who manufactures, markets, distributes and sells Elevated Toilet Seats with Lock and Arms and Microban Antimicrobial.

3.     Walgreens regularly conducts business in Rappahannock County, Virginia.

4.     Dean purchased an Elevated Toilet Seat with Lock and Arms and Microban Antimicrobial Seat (the "Seat") at a Walgreens retail store (the "Store").

A COPY TESTE:
Margaret B. Ralph, Clerk
By _____ Dep. Clk.

## FACTS

5.    On March 8, 2021 Dean and her daughter Melinda Robey, installed the Seat she had purchased at the Store, according to the instructions provided, on Dean's home toilet.

6.    While attempting to use the Seat for its intended purpose, Dean pushed on the handles to stand up, at which time the locking mechanism failed and the Seat came off the toilet, causing Dean to fall and break her hip.

## COUNT I: NEGLIGENT DESIGN AND MANUFACTURE

7.    At all pertinent times, Defendant Walgreens designed, developed, tested, manufactured, labeled, distributed, promoted, and sold the Seat which is the subject of this suit.

8.    Defendant Walgreens was negligent in the design, development, testing, manufacture, labeling, distribution, promotion, and selling of the Seat.

9.    The Seat was unreasonably dangerous for its intended use as designed, manufactured, labeled, distributed, promoted, and sold because the locking mechanism did not adequately lock and hold the Seat in place for its intended use.

10.    Walgreens had a duty to Plaintiff Dean, to ensure the Seat was properly designed and manufactured, for its intended use.

## COUNT II: FAILURE TO WARN AND PROVIDE INSTRUCTIONS

11.    Defendant Walgreens negligently failed to warn, inform, instruct, and apprise plaintiff Dean of the unreasonable dangers associated with the Seat, after the defendant knew, or, in the exercise of reasonable care should have known, that the

Seat was unreasonably dangerous for its intended use as designed and manufactured.

12.    Defendant Walgreens negligently failed to provide Ms. Dean with proper warnings and instructions concerning the use, securing, and locking of the Seat, when the defendant knew, or in the exercise of reasonable care should have known, that the Seat was unreasonably dangerous for its intended use without such warnings and instructions, after the defendant knew, or should have known, of available, adequate, and proper warnings and instructions.

## COUNT III: BREACH OF IMPLIED WARRANTIES

13.    Defendant Walgreens impliedly warranted to Ms. Dean that the Seat was of merchantable quality and fit for its intended use.

14.    The Seat did not conform to the implied warranty of merchantability made by Defendant Walgreens because it was it was unreasonably dangerous for its intended use for the reasons set forth above.

## DAMAGES

15.    As a direct and proximate result of the allegations set forth in Counts I through III above, Plaintiff Dean suffered severe and permanent injuries, has sustained permanent disability and deformity; and has suffered and will continue to suffer great pain of body and mind, and she has incurred and will incur future medical expenses in an effort to be cured of her injuries and relieved of her pain and suffering;

WHEREFORE, Plaintiff Dean demands:

1.    Judgment against Defendant Walgreen Company, in the amount of NINE HUNDRED FIFTY THOUSAND DOLLARS ($950,000.00) compensatory damages;

2.    Plaintiff's costs expended herein and interest on any judgment from

March 8, 2021;

3.    Trial by jury.


                                        **VERONICA SUE DEAN**

                                        By Counsel


By: _____
      Alvaro A. Inigo, Esquire
      VSB #: 38663
      RITCHIE LAW FIRM, P.L.C.
      17 Imperial Drive, Suite 101
      Staunton, VA 24401
      Tel: (540) 886-6124
      Fax: (540) 886-4459
      E-mail: ainigo@ritchilawfirm.com
            Counsel for Plaintiff

**VIRGINIA: IN THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY**

**VERONICA SUE DEAN**

     Plaintiff,

v.

                                   CASE NO.: CL 22 -232

**WALGREEN CO.**

     Defendant.

### PLAINTIFF'S INTERROGATORIES TO DEFENDANT

Plaintiff, Veronica Sue Dean, serves these interrogatories on Defendant, Walgreen Co., as authorized by Rule 4:8 of the Virginia Supreme Court. Defendant must serve an answer to each interrogatory separately, fully, in writing, and under oath, within 21 days after service.

### INSTRUCTIONS

1.    If you discover new information, you are obligated to supplement your responses to these interrogatories no later than 21 days after the discovery of the further information and in no event later than fifteen days before the first day of trial.

2.    If you object to furnishing any information requested by these interrogatories on the grounds of privilege, work product or otherwise, your response should state the existence of the information, document or communication, identify the specific grounds on which your objection is based, and identify the information objected to by furnishing its date, participants (*e.g.*, names of speakers, authors, addressees) and a general description of the nature, rather than the substance, of the purportedly privileged information. If the

A COPY TESTE:
Margaret B. Ralph, Clerk
By _____ Dep. Clk.

Filed In Clerk's Office
Rappahannock Circuit Court
On __12-22-22__
At __2:07__ (am) (pm)
By: Margaret B. Ralph, Clerk
Teste: _____ D.C.

information objected to contains relevant non-objectionable matter, you should disclose it.

3.    If you cannot furnish exact data, such as dates, periods or amounts, supply estimated data to the extent possible and indicate that the data is estimated.

4.    The relevant time period of these interrogatories is from  to  and shall include all information which relates or refers to this period, unless another time or period of time is specifically referred to in an interrogatory.

<u>DEFINITIONS</u>

The following definitions shall have the following meanings, unless the context requires otherwise:

1.    Parties.  The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.    Person.  The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

3.    Document.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 4:9 of the Virginia Supreme Court and includes computer records in any format.  A draft or non-identical copy is a separate document within the meaning of this term.

4.    Communication. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

5.    Identify (person). When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

6.    Identify (document). When referring to documents, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter; (c) the date of the document; (d) the authors, addressees, and recipients; (e) the location of the document; (f) the identity of the person who has custody of the document; and (g) whether the document has been destroyed, and if so, (i) the date of its destruction; (ii) the reason for its destruction; and (iii) the identity of the person who destroyed it.

7.    Relating. The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

8.    All/Each. The terms "all" and "each" shall be construed as "and," "each," and "and/or."

9.    Any. The term "any" should be understood in either its most or least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10.    <u>And/Or.</u> The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

11.    <u>Number.</u> The use of the singular form of any word includes the plural and vice-versa.

## INTERROGATORIES

1) If you have denied the Request for Admissions #1, please state who you allege manufactures the Elevated Toilet Seat with Lock and Arms and Microban Antimicrobial.which is the subject of this lawsuit.

2) If you have denied the Request for Admissions #2, please state who you allege markets the Elevated Toilet Seat with Lock and Arms and Microban Antimicrobial.which is the subject of this lawsuit.

3) If you have denied the Request for Admissions #3, please state who you allege distributes the Elevated Toilet Seat with Lock and Arms and Microban Antimicrobial.which is the subject of this lawsuit.

4) If you have denied the Request for Admissions #4, please state who you allege sells the Elevated Toilet Seat with Lock and Arms and Microban Antimicrobial.which is the subject of this lawsuit.

**VERONICA SUE DEAN**
By Counsel

By: _____

Al Inigo, Esq.
VSB #: 38663
RITCHIE LAW FIRM, P.L.C.
71 South Court Square
Suite A
Harrisonburg, VA  22801
Tel.: (540) 433-6124
Fax: (540) 564-0001
ainigo@ritchielawfirm.com
Counsel for Plaintiff

VIRGINIA: IN THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY

VERONICA SUE DEAN

     Plaintiff,

v.                           **CASE NO.:** CL22-232

WALGREEN CO.,

     Defendant.

## PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT

Plaintiff, Veronica Sue Dean, serves these Requests for Admission upon Defendant, Walgreen Co., as authorized by Rule 4:11 of the Virginia Supreme Court. Defendant must serve an answer to each Request separately, fully, and in writing within 21 days after service.

### INSTRUCTIONS

1.    Your answers must include all information concerning the matters inquired about and available to you, your attorneys or other agents.

2.    If you fail to respond in a timely fashion, you waive any objection to the Requests, and the Court may order all Requests deemed admitted.

3.    In formulating your answer you may not give lack of information or knowledge as a reason for failure to admit or deny, unless you state that you have made reasonable inquiry that the information known or readily obtainable by you is insufficient to enable you to admit or deny the Request.

4.    If only part of a Request is objectionable, you must answer the remainder of the Request.

A COPY TESTE:
Margaret R. Ralph, Clerk
By: _____ Dep. Clk.

Filed in Clerk's Office
Rappahannock Circuit Court
On 12-22-22
At 2:07 (am) (pm)
By: Margaret R. Ralph, Clerk
Teste: _____ D.C.

5.      Any objection to a Request or part of a Request must clearly state the specific grounds for the objection.

6.      A denial of all or any portion of each Request must be unequivocal.

<u>DEFINITIONS</u>

The following definitions shall have the following meanings, unless the context requires otherwise:

1.      Parties.  The term "plaintiff" or "defendant" as well as a party's full or abbreviated name or pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.      Person.  The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

3.      Document.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 4:9(a) of the Virginia Supreme Court and includes computer records in any format.  A draft or non-identical copy is a separate document within the meaning of this term.

4.      Communication.  The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

5.      Relating.  The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

6.      All/Each.  The terms "all" and "each" shall be construed as "and," "each," and "and/or."

7.    Any.  The term "any" should be understood in either its most or least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.    And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

9.    Number.  The use of the singular form of any word includes the plural and vice-versa.

## REQUESTS FOR ADMISSION

Please admit or deny the following:

1)    That Walgreen Co. d/b/a Walgreens manufactured the Elevated Toilet Seat with Lock and Arms and Microban Antimicrobial which is the subject of this lawsuit, and photographs of which are attached hereto collectively as Exhibit 1.

2)    That Walgreen Co. d/b/a Walgreens markets the Elevated Toilet Seat with Lock and Arms and Microban Antimicrobial which is the subject of this lawsuit, and photographs of which are attached hereto collectively as Exhibit 1.

3)    That Walgreen Co. d/b/a Walgreens distributes the Elevated Toilet Seat with Lock and Arms and Microbial Antimicrobial which is the subject of this lawsuit, and photographs of which are attached hereto collectively as Exhibit 1.

4)    That Walgreen Co. d/b/a Walgreens sells the Elevated Toilet Seat with Lock and Arms and Microban Antimicrobial which is the subject of this lawsuit, and photographs of which are attached hereto collectively as Exhibit 1.

VERONICA SUE DEAN

By Counsel

By: _____
Al Inigo, Esq.
VSB #:  38663
RITCHIE LAW FIRM, P.L.C.
71 South Court Square
Suite A
Harrisonburg, VA  22801
Tel.: (540) 433-6124
Fax: (540) 564-0001
ainigo@ritchielawfirm.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, Al Inigo, counsel for plaintiff Veronica Sue Dean, do hereby certify that a true

and accurate copy of the foregoing First Interrogatories and Request for

Admissions, will be served on the defendant through its registered agent with the

Summons and Complaint.


WALGREEN CO.
Registered Agent
Corporation Service Company
100 Shockoe Slip Fl 2,
Richmond, VA, 23219 - 4100


Al Inigo, Esq.
Attorney for Plaintiff
RITCHIE LAW FIRM, P.L.C.
1807 Seminole Trail
Suite 106
Charlottesville, VA  22901
Tel.: (434) 979-6123
Fax: (434) 964-0125
VSB #:  38663

# Exhibit 1









VIRGINIA:  IN THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY

VERONICA SUE DEAN

       Plaintiff,

v.                            CASE:

WALGREEN CO.

       Defendant.

## RULE 4:8 and 4:11 NOTICE

In accordance with Rules 4:8 and 4:11 of the Rules of the Supreme Court of Virginia, Veronica Sue Dean, by counsel, has this day served upon Walgreen Co., Plaintiff's First Interrogatories to Defendant and Plaintiff's First Request for Admissions through the party's registered agent.

                             **VERONICA SUE DEAN**

                             By Counsel

By: _____

      Al Inigo, Esq.
      VSB #:  38663
      RITCHIE LAW FIRM, P.L.C.
      71 South Court Square
      Suite A
      Harrisonburg, VA  22801
      Tel.: (540) 433-6124
      Fax: (540) 564-0001
      ainigo@ritchielawfirm.com
      Counsel for Plaintiff

A COPY TESTE:
Margaret R. Ralph, Clerk
By _Kaitt R Atah_ Dep. Clk.

## CERTIFICATE OF SERVICE

I, Al Inigo, counsel for plaintiff Veronica Sue Dean, do hereby certify that a true

and accurate copy of the foregoing Rule 4:8 and 4:11 Notice, will be served on

the defendant through its registered agent with the Summons and Complaint.

WALGREEN CO.
Registered Agent
Corporation Service Company
100 Shockoe Slip Fl 2,
Richmond, VA, 23219 - 4100

Al Inigo, Esq.
Attorney for Plaintiff
RITCHIE LAW FIRM, P.L.C.
71 South Court Square
Suite A
Harrisonburg, VA  22801
Tel.: (540) 433-6124
Fax: (540) 564-0001
VSB #:  38663

VIRGINIA:  IN THE RAPPAHANNOCK COUNTY CIRCUIT COURT

**VERONICA SUE DEAN,**
      Plaintiff,

v.                              **AT LAW NO.:  CASE #CL22-232**

**WALGREEN CO.,**
      Defendant.

## ANSWER

**COMES NOW,** the Defendant, Walgreen Co., by and through its undersigned counsel, and files its Answer to Plaintiff Veronica Sue Dean's Complaint and in support thereof states as follows:

## PARTIES

1.  Walgreen Co. hereinafter "Walgreens" does not have sufficient information to admit or deny the allegations contained in Complaint Paragraph 1 and therefore denies  the same.

2.  "Walgreens" denies that it does business as Walgreens, but admits that it is a corporation headquartered in Deerfield, Illinois.  "Walgreens" denies that it manufactures, markets, distributes and sells Elevated Toilet Seats with Lock and Arms and Microban Antimicrobial. "Walgreens" does not have sufficient information to admit or deny the allegations contained in Complaint Paragraph 2 and therefore denies the same.

3.  "Walgreens" denies that it regularly conducts business in Rappahannock County, VA.

4.  "Walgreens" does not have sufficient information to admit or deny the allegations contained in Complaint paragraph 4 and therefore denies the same.

## FACTS

5.  "Walgreens" does not have sufficient information to admit or deny the allegations contained in Complaint Paragraph 5 and therefore denies the same.

6.  "Walgreens" does not have sufficient information to admit or deny the allegations contained in Complaint Paragraph 6 and therefore denies the same.


DEFENDANT'S EXHIBIT NO. B

## COUNT I:  NEGLIGENT DESIGN AND MANUFACTURE

7. Denied.

8. Denied.

9. Denied.

10. Denied.

## COUNT II:  FAILURE TO WARN AND PROVIDE INSTURCTIONS

11. Defendant "Walgreens" states that the allegations in Complaint 11 constitute legal conclusions, the application of which cannot be determined until after the presentation of evidence at trial; and defendant avers that no response is required by it to these legal conclusions.  However, to the extent that this Court should deem a response required, Defendant denies all legal conclusions and any and all factual allegations found in Complaint Paragraph 11.

12. Defendant "Walgreens" states that the allegations in Complaint 12 constitute legal conclusions, the application of which cannot be determined until after the presentation of evidence at trial; and defendant avers that no response is required by it to these legal conclusions.  However, to the extent that this Court should deem a response required, Defendant denies all legal conclusions and any and all factual allegations found in Complaint Paragraph 12.

## COUNT III:  BREACH OF IMPLIED WARRANTIES

13. Defendant "Walgreens" states that the allegations in Complaint 13 constitute legal conclusions, the application of which cannot be determined until after the presentation of evidence at trial; and defendant avers that no response is required by it to these legal conclusions.  However, to the extent that this Court should deem a response required, Defendant denies all legal conclusions and any and all factual allegations found in Complaint Paragraph 13.

14. Defendant "Walgreens" states that the allegations in Complaint 14 constitute legal conclusions, the application of which cannot be determined until after the presentation of evidence at trial; and defendant avers that no response is required by it to these legal conclusions.  However, to the extent that this Court should deem a response required, Defendant denies all legal conclusions and any and all factual allegations found in Complaint Paragraph 14.

## DAMAGES

15. Denied.

## PRAYER FOR RELIEF

**WHEREFORE** Defendant "Walgreens" respectfully requests that this action against it be dismissed and that it be awarded costs expended on his behalf; and as to the separately enumerated counts of plaintiff's Prayer for Relief, "Walgreens" states as follows:

1. Denied;

2. Denied; and

3. Defendant Walgreens seeks trial by Jury on any such issue triable by right by Jury.

## AFFIRMATIVE DEFENSES

**WHEREFORE** Defendant "Walgreens" respectfully pleads and asserts its affirmative defenses to said claims:

1. Walgreens denies that it was guilty of any negligence or carelessness whatsoever which caused or contributed to cause the Plaintiffs' alleged injuries and damages;

2. Walgreens denies that it is liable to the Plaintiffs in any amount and for any reason whatsoever;

3. Plaintiff assumed the risk of her alleged injuries and damages;

4. Plaintiff was guilty of negligence which was a contributory or sole proximate cause of her alleged injuries and damages;

5. "Walgreens" states that the damages alleged in the Complaint were caused by

3

persons, parties, or events over whom or for which this Defendant had no control, and that the alleged damages were not caused by the "Walgreens";

6. "Walgreens" states affirmatively that to the extent the Plaintiffs suffered any damages, the plaintiff failed to mitigate her damages;

7. "Walgreens" will show that the design and manufacture of the product conformed with the state of the art in the industry and was consistent with industry custom;

8. "Walgreens" lacked actual or constructive notice of any alleged error, defect, or substance.

9. "Walgreens" avers that if any alleged denied defect existed that same was open and obvious;

10. "Walgreens" asserts that, if Plaintiff is deemed "buyer" of the alleged product, which is affirmatively denied, and if there were any warranties running to Plaintiffs, which is also affirmatively denied, that these warranties were not breached, that Plaintiff failed to advise or give notice to Defendant of any alleged breach of warranty in an adequate or timely manner as required by law, and that Plaintiff did not rely on any of the alleged warranties. Therefore, Plaintiff's claims for breach of implied warranty against "Walgreens" is barred;

11. "Walgreens" denies that Plaintiff has established proof of ownership of property and/or being a "Buyer" of said property.

12. Plaintiff's actions are barred by the applicable statutes of limitations.

13. "Walgreens" denies that there are any design or manufacturing defects in the product that caused or contributed to any injuries to the Plaintiffs. However, if there were causative defects in the

4

subject product, the component parts or systems of the product, any such defects were the result of changes or alterations to the product, the component parts or systems of the product made after the product left the custody and control of "Walgreens", thus barring all claims for damages against Defendant.

14.  Although denied, the warranty claims against "Walgreens" are barred in whole or in part by the terms of any alleged applicable limited warranty; if any.

15.  "Walgreens" denies the existence of any warranties, express, implied, or otherwise, between it and the Plaintiff and "Walgreens" and "Walgreens" denies that any breach of warranty occurred and states that any warranties which existed, although denied, were disclaimed and/or voided by product misuse;

16.  Defendant reserves the right to assert any other lawful defenses of which it becomes aware; and

**WALGREEN CO.**

By: _____

Of Counsel

J. Derek Turrietta, Esquire.  (VSB # 35233)
**STACKHOUSE, NEXSEN & TURRIETTA, PLLC.**
*4505 Colley Avenue*
*Norfolk, Virginia 23508*
Phone: (757) 337-7422
Facsimile: (757) 624-9245
dturrietta@sntlegal.com
***Counsel for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer was mailed this 17th day of January, 2023 to:

Alvaro A. Inigo, Esquire (VSB # 38663)
**RITCHIE LAW FIRM, P.L.C.**
*17 Imperial Drive, Suite 101*
*Staunton, VA 24401*
Phone: 434-325-5655
Fax: 434-964-0125
ainigo@ritchielawfirm.com
***Counsel for Plaintiff***

By: _____
J. Derek Turrietta, Esq.

J. Derek Turrietta, Esquire (VSB # 35233)
**STACKHOUSE, NEXSEN & TURRIETTA, PLLC.**
*4505 Colley Avenue*
*Norfolk, Virginia 23508*
Phone: (757) 337-7422
Facsimile: (757) 624-9245
dturrietta@sntlegal.com
***Counsel for Defendant***

6

# The Law Firm of
# STACKHOUSE, NEXSEN
# & TURRIETTA, PLLC
### Attorneys and Counsellors at Law

J. Derek Turrietta, Esq.    DTurrietta@SNTlegal.com

January 17, 2023

**<u>VIA OVERNIGHT FEDEX</u>**
Hon. Margaret R. Ralph, Clerk of Court
**RAPPAHANNOCK CIRCUIT COURT**
*238 Gay Street*
*Washington, VA 22747-0517*

Re:    **Veronica Sue Dean  v.  WALGREEN CO.**
**Case No.:  CL22000232-00**
**Our File No.:  9000.015881**

Dear Clerk Ralph:

Enclosed is WALGREEN CO.'s Answer.

Thank you for your kind attention in this matter. Please don't hesitate to contact me if you have any questions and/or concerns.

Very truly yours,

**STACKHOUSE, NEXSEN & TURRIETTA, PLLC**

J. Derek Turrietta, Esq.

JDT/msm
Enclosures

**CC:**    Alvaro A. Inigo, Esq. {Via USPS Mail & Email w/Enc.}
**RITCHIE LAW FIRM, P.L.C.**
*17 Imperial Drive, STE. 101*
*Staunton, VA 24401*
ainigo@richielawfirm.com


Kelly Hassenfelt, Esq. {Via Email w/Enc.}
**WALGREEN CO.**
kelly.hassenfelt@walgreens.com


Patty O'Donnell {Via Email w/Enc.}
**WALGREEN CO.**
patty.odonnell@walgreens.com


Yannisha Swain {Via Email w/Enc.}
**SEDGWICK CMS**
yanni.swain@sedgwick.com

VIRGINIA:  IN THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY

VERONICA SUE DEAN

      Plaintiff,

v.                            CASE NO.: CL22-232

WALGREEN CO.,

      Defendant.

### PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT

      Now comes defendant Walgreen Co. and provides the following Objections to and Responses to Plaintiff's Initial Requests for Admission upon Defendant, Walgreen Co., as authorized by Rule 4:11 of the Virginia Supreme Court.

### REQUESTS FOR ADMISSION

Please admit or deny the following:

1)      That Walgreen Co. d/b/a Walgreens manufactured the Elevated Toilet Seat with Lock and Arms and Microban Antimicrobial which is the subject of this lawsuit, and photographs of which are attached hereto collectively as Exhibit 1."

**Objection and Response:**  Objected to on grounds of lack of foundation and  vagueness with respect to terms "Elevated Toilet Seat with Lock and Arms and Microban Antimicrobial" in relation to photographs which were attached to the Requests for Admission collectively as Exhibit 1" and vagueness and materiality as they relate towards unspecified "time." Notwithstanding said objections and without waiving same, denied.

2)      That Walgreen Co. d/b/a Walgreens markets the Elevated Toilet Seat with Lock and Arms and Microban Antimicrobial which is the subject of this lawsuit, and photographs

1


DEFENDANT'S EXHIBIT NO. C

of which are attached hereto collectively as Exhibit 1."

**Objection and Response:** Objected to on grounds of lack of foundation and vagueness with respect to terms "Elevated Toilet Seat with Lock and Arms and Microban Antimicrobial" in relation to photographs which were attached to the Requests for Admission collectively as Exhibit 1" and the term "markets" and vagueness and materiality as they relate towards unspecified "time." Notwithstanding said objections and without waiving same, denied.

3)   That Walgreen Co. d/b/a Walgreens distributes the Elevated Toilet Seat with Lock and Arms and Microban Antimicrobial which is the subject of this lawsuit, and photographs of which are attached hereto collectively as Exhibit 1.

**Objection and Response:** Objected to on grounds of lack of foundation and vagueness with respect to terms "Elevated Toilet Seat with Lock and Arms and Microban Antimicrobial" in relation to photographs which were attached to the Requests for Admission collectively as Exhibit 1" and the term "distributes" and vagueness and materiality as they relate towards unspecified "time." Notwithstanding said objections and without waiving same, denied.

4)   That Walgreen Co. d/b/a Walgreens sells the Elevated Toilet Seat with Lock and Arms and Microban Antimicrobial which is the subject of this lawsuit, and photographs of which are attached hereto collectively as Exhibit 1.

**Objection and Response:** Objected to on grounds of lack of foundation and vagueness with respect to terms "Elevated Toilet Seat with Lock and Arms and Microban Antimicrobial" in relation to photographs which were attached to the Requests for Admission collectively as Exhibit 1" and the term "sells" and vagueness and materiality as they relate towards unspecified "time." Notwithstanding said objections and without waiving same, denied.

2

WALGREEN CO.

By: _____
Of Counsel

J. Derek Turrietta, Esquire.  (VSB # 35233)
**STACKHOUSE, NEXSEN & TURRIETTA, PLLC.**
*4505 Colley Avenue*
*Norfolk, Virginia 23508*
Phone: (757) 337-7422
Facsimile: (757) 624-9245
dturrietta@sntlegal.com
***Counsel for Defendant***

3

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of Walgreen Co.'s Objections and Responses to plaintiff's Request for Admissions was mailed this 17th day of January, 2023 to:

Alvaro A. Inigo, Esquire (VSB # 38663)
**RITCHIE LAW FIRM, P.L.C.**
*17 Imperial Drive, Suite 101*
*Staunton, VA 24401*
Phone: 434-325-5655
Fax: 434-964-0125
ainigo@ritchielawfirm.com
***Counsel for Plaintiff***

By: _____
    J. Derek Turrietta, Esq.

J. Derek Turrietta, Esquire (VSB # 35233)
**STACKHOUSE, NEXSEN & TURRIETTA, PLLC.**
*4505 Colley Avenue*
*Norfolk, Virginia 23508*
Phone: (757) 337-7422
Facsimile: (757) 624-9245
dturrietta@sntlegal.com
***Counsel for Defendant***

4

The Law Firm of
# STACKHOUSE, NEXSEN & TURRIETTA, PLLC
### Attorneys and Counsellors at Law

J. Derek Turrietta, Esq.    DTurrietta@SNTlegal.com

January 17, 2023

**VIA USPS MAIL & EMAIL**
Alvaro A. Inigo, Esq.
**RITCHIE LAW FIRM, P.L.C.**
*17 Imperial Drive, STE. 101*
*Staunton, VA 24401*

Re:    Veronica Sue Dean  v.  WALGREEN CO.
    Case No.:  CL22000232-00
    Our File No.:  9000.015881

Dear Al:

    Enclosed are WALGREEN CO.'s Objections and Responses to plaintiff's Request for Admissions.

    Thank you for your kind attention in this matter. Please don't hesitate to contact me if you have any questions and/or concerns.

    Very truly yours,

    **STACKHOUSE, NEXSEN & TURRIETTA, PLLC**

    J. Derek Turrietta, Esq.

JDT/msm
Enclosures

4505 Colley Ave. Norfolk, VA 23508  | Tel: 757.623.3555 Fax: 757.624.9245

**CC:**   Kelly Hassenfelt, Esq. {Via Email w/Enc.}
**WALGREEN CO.**
kelly.hassenfelt@walgreens.com

Patty O'Donnell {Via Email w/Enc.}
**WALGREEN CO.**
patty.odonnell@walgreens.com

Yannisha Swain {Via Email w/Enc.}
**SEDGWICK CMS**
yanni.swain@sedgwick.com